## MOYER *v.* BROWN.

APPEAL.—*Evidence.*—Where the evidence in the lower court is conflicting, the Supreme Court will not reverse the judgment on the weight of evidence.

From the Noble Common Pleas.

*A. A. Chapin,* for appellant.

PETTIT, J.—This suit was brought by the appellant against Sarah J. Brown and James H. Brown, her husband, for the replevin of personal property. There was a default as to both of the defendants. Afterward, the default as to Sarah J. Brown, the appellee, was set aside, and she answered,

1. General denial.
2. Property in herself.

Reply of general denial.

We suppose this reply was meant to apply to the second paragraph of the answer, as the general denial, under our practice, requires no reply; but it does not so state. There is no further notice taken of James H. Brown, except as he is named and referred to in the evidence, nor is there any judgment rendered for or against him; hence his name should not appear in the assignment of errors.

The only question raised for our consideration, either on the motion for a new trial or the assignment of error, is as to the sufficiency of the evidence to sustain the finding.

The case was tried by the court below, who saw and heard all the witnesses, their readiness or hesitancy to answer, while we can only see their evidence on paper; and while we say and admit that, as it appears to us, we might not have found as the court below did, we cannot, under numerous decisions of this court, reverse the finding and judgment. A finding and judgment might have been warranted either way; but there is one strong reason why the court below found for the appellee, and that is, that the plaintiff below and appellant here was a clerk in a bank and knew that the husband was not worth a cent in money, and that she, his wife, in her own right, had deposited in the

bank, of which he was a clerk, large sums of money, and was the sole owner of all the property of them both.

The judgment is affirmed, at the costs of the appellant.

Opinion filed November term, 1873; petition for a rehearing overruled May term, 1874.